Patrik W. Neustrom Saline County Counselor 118 South Seventh St. P.O. Box 1697 Salina, Kansas 67402-1697
Dear Mr. Neustrom:
As Saline county counselor, you request our opinion as to propriety of transferring certain budget items from the district court's budget to the budget for the sheriff's department. We understand that the sheriff's budget originally contained most of the $400,000 transferred for client administration, civil process, client transportation, security and capital improvement. Historically, the district court budget has been under $200,000, but now it is almost $ 600,000 with the addition of the transferred items.
K.S.A. 20-348 provides:
 "Except for expenses required by law to be paid by the state, from and after January 10, 1977, the board of county commissioners of each county shall be responsible for all expenses incurred for the operation of the district court in the county."
K.S.A. 1992 Supp. 20-349 in part provides:
 "The board of county commissioners shall then have final authority to determine and approve the budget for district court operations payable by their county. . . . The budget shall include all expenditures payable by the county for operations of the district court in such county. . . . The compensation to be paid to district court personnel excluded from the judicial personnel classification system pursuant to subsection (b) of K.S.A. 20-162, and amendments thereto, shall be listed in the budget as a separate item for each job position. After the amount of such district court budget is established, the expenditures under such budget, other than expenditures for job positions contained in the budget, shall be under the control and supervision of the administrative judge, subject to supreme court rules relating thereto, and the board of county commissioners shall approve all claims submitted by the administrative judge within the limits of such district court budget. No board of county commissioners shall decrease such budget for district court operations to a level below the amount of the 1978 calendar year budget approved by the board of county commissioners less the amount of compensation and fringe benefits provided in such budget for judges and other personnel positions which are assumed by the state pursuant to this act."
According to K.S.A. 20-348, all expenses incurred for the operation of the district court must be paid by the county. The question presented here is unusual because the district court is not attempting to include certain items in its budget over the county's objection. Instead, the board of county commissioners is trying to increase the district court budget by moving some expenses from the sheriff's department's budget. According to K.S.A. 1992 Supp. 20-349, the judicial administrator is the one who prescribes the form of the budget. The administrative judge has control of expenditures made pursuant to the budget approved by the board of county commissioners. Furthermore, the board of county commissioners must approve payment of claims submitted by the administrative judge which are within the limits of said district court budget. See Attorney General Opinions No. 77-180, 80-32 and 83-76.
We understand that the opponents of the transfer believe the board of county commissioners is evading the tax lid law by transferring part of the sheriff's budget to the court, the court's expenses being exempt from the tax lid.
K.S.A. 1992 Supp. 79-5028 in pertinent part provides:
 "The provisions of K.S.A. 79-5021 to 79-5036, inclusive, and amendments thereto, shall not apply to or limit the levy of taxes for the payment of:
. . . .
 (d) expenses incurred by counties for district court operations under the provisions of K.S.A. 20-348 or 20-349, and amendments thereto, and expenses incurred by counties for the detention of juveniles; . . ."
We are mindful that the questioned transfer would allow the sheriff's office to spend another $200,000 from its budget. However, whatever the motives of the board of county commissioners may be, there is no statute prohibiting the transfer of budget items from the sheriff's office to the district court, as long as they reflect "expenses incurred for the operation of the district court." We understand that this year the district court has requested for the first time security to be provided by the sheriff's office. The court apparently feels that such security is necessary for it to function properly. Consequently, the expense of providing security for the court is for the operation of the court. What other expenses can be legitimately categorized as "expenses for operation of the district court" is a more troublesome question. According to the documents provided, the transferred budget items include personnel (sheriff, undersheriff, deputies, and clerks), prisoner meals, vehicle purchase, vehicle maintenance, vehicle supplies, travel expenses, and service equipment.
We decline to discuss the supplemental budget item by item to determine whether it is appropriately considered as expenses incurred for the operation of the district court. However, we mention our concerns on certain items to illustrate our position. For example, salaries of the deputies assigned to maintain courtroom security are legitimately included in the district court's budget. Further, any other expenses incident to having the security officers in the court may be included in the court budget to be paid by the county. We have stated that while the salaries of court services officers are paid by the state, it is the county that must provide the office space, pay the travel expenses as well as any other expenses incident to the position. Attorney General Opinion No. 90-88.
We note that the expenses for service of civil process are included in the $400,000 transferred from the sheriff's office to the district court. The job positions responsible for service of process were moved from the district court to the sheriff's office in 1979 by statute. K.S.A. 20-363. Since June 18, 1979, district court employees have not performed the function of serving process for the district courts. Moreover, K.S.A. 1992 Supp. 60-2001(d) in part provides that "[n]o sheriff in this state shall charge any district court in this state a fee or mileage for serving any paper or process." However, pursuant to K.S.A. 1992 Supp. 28-110, which sets forth a schedule of fees to be charged by the sheriffs of all counties for various services, a sheriff may charge and collect mileage and other fees in all the courts of limited jurisdiction in Kansas. Further, under K.S.A. 1992 Supp. 60-2001
and K.S.A. 1992 Supp. 60-2003, a sheriff is authorized to charge as costs to the respective district court mileage and other allowable expenses for serving process from the courts of other states. Attorney General Opinion No. 86-63. It appears that the service of civil process, except possibly those ordered by the district court, are not considered as expenses incurred in the operation of the court.
Another area that concerns us involves the expenses related to prisoners. The sheriff is in charge and custody of the jail and all the prisoners in the county. K.S.A. 19-811. When a prisoner is committed to a county jail in a criminal action, "the board of county commissioners shall allow the sheriff reasonable charges for maintaining such prisoner." K.S.A. 19-1910(a). The sheriff "shall supply proper bread, meat, drink and fuel for the prisoners." K.S.A. 19-1903. Therefore, it is the sheriff's responsibility, not the district court's, to provide meals and medical services to the prisoners in custody. Attorney General Opinions No. 81-190; 76-349. Although transportation expenses are not listed in this statute, it is reasonable to assume that the sheriff has responsibility to provide transportation of the prisoners while they are in sheriff's custody at his expense.
Additionally, the expenses incurred by the county for the detention of juveniles are exempt from the aggregate tax levy limit under K.S.A. 1992 Supp. 79-5028(d). Regardless whether juvenile detention expenses are transferred to the court budget, these expenses are exempt from the tax lid.
We emphasize that we decline to answer factual questions regarding what each budget item specifically includes. We hope that our analysis and discussion on the matter provides sufficient guidelines for you.
Next, we will discuss allegations of violation of the separation of powers doctrine. Like the constitution of the United States, the Kansas constitution contains no express provision establishing the doctrine of separation of powers. However, it has been recognized what the very structure of the three-branch system gives rise to the doctrine. Statev. Reed, 248 Kan. 792 (1991), citing State ex rel. Stephan v. KansasHouse of Representatives, 236 Kan. 45, 59 (1984); State v. Greenlee,228 Kan. 712, 715 (1980); State ex rel. v. Bennett, 219 Kan. 285, 287
(1976). Because of the establishment of the three branches of government, legislative executive and judicial, the courts assumed the applicability of the doctrine of separation of powers among the three.Leek v. Theis, 217 Kan. 784, 804 (1975). The separation of powers doctrine is designed to avoid a dangerous concentration of power and to allow respective powers to be assigned to the department best fitted to exercise them. Leek, 217 Kan. at 805. However, an absolute separation of powers is impossible and a flexible, pragmatic and practical approach has been taken in recent court decisions, giving recognition to the fact there may be a certain degree of blending or admixture of the three powers of government. Reed, 248 Kan. at 797.
There is no challenge to a statute involved in our case; nor is there presented a usurpation by one department of the powers of another. Reed,248 Kan. at 798. What we have is a question of the propriety of transferring part of what traditionally has been in the sheriff's office budget to the district court. The board of county commissioners is not attempting to interfere with judicial acts, or to limit the court's authority to perform judicial acts. We find no violation of the separation of powers doctrine.
Your specific inquires are answered as follows based on the earlier discussions.
1. Q. Does the transfer of funds, previously appropriated to the sheriff's department to the court budget violate the tax lid law? A. No. The transfer is not illegal under the tax lid law, if the transfer involves expenses incurred in the operation of the court.
2. Q. Does the allocation of funds by the county commissioners to the court in the form of the supplemental budget for judicial functions or court operations violate the provisions of K.S.A. 20-348 and 20-349, the tax lid law or the doctrine of separation of powers? A. No. There is no statute prohibiting the allocation of funds to the district court by the county commissioners as long as the funds are for "expenses incurred for the operation of the district court in the county." There is no violation of the separation of powers doctrine under the circumstances of this case.
3. Q. Given the concept of shared discretion and the identification of duties as set forth in K.S.A. 20-348 and 20-349, is it the court's responsibility or the county commissioners' responsibility to denominate those items which are in fact related to court operations? A. The administrative judge is responsible for the preparation of the budget to be submitted to the board of county commissioners. The district court may modify the items listed in the form of the budget provided by the judicial administrator, by adding new items or eliminating others, and the board of county commissioners must approve all claims submitted by the administrative judge. K.S.A. 1992 Supp. 20-349.
4. Q. In the event the court does not authorize the expenditure of funds under his control and supervision, can the sheriff overspend his budget, as both budgets are part of the general fund? A. No. After the court's budget is established, the expenditures under the budget, other than expenditures for job positions contained in the budget, are under the control and supervision of the administrative judge, subject to supreme court rules. The county may not spend money from the court's established budget without the administrative judge's participation. However, the county may pay for the expenses incurred for the detention of juveniles and court operation without limitation of the tax lid under K.S.A. 1992 Supp. 79-5028.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Nobuko K. Folmsbee Assistant Attorney General
RTS:JLM:NKF:jm